1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   TRACY LAWRENCE,

11                          Plaintiff,                    CASE NO. 2:16-CV-00724-DWC

12          v.                                            ORDER ON PLAINTIFF'S
                                                          COMPLAINT
13   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
14
                            Defendant.
15

16          Plaintiff filed this action, pursuant to 42 U.S.C § 405(g), seeking judicial review of the

17   denial of Plaintiff's applications for Supplemental Security Income ("SSI") benefits. The parties

18   have consented to proceed before a United States Magistrate Judge. *See* 28 U.S.C. § 636(c), Fed.

19   R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed before a

20   United States Magistrate Judge, Dkt. 6.

21          After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ")

22   erred by failing to properly determine whether Plaintiff's fibromyalgia constituted a medically

23   determinable impairment at Step Two of the sequential evaluation. Therefore, this matter is

24   reversed and remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.

**PROCEDURAL & FACTUAL HISTORY**

Plaintiff originally applied for SSI on July 21, 2009. *See* Dkt. 9, Administrative Record ("AR") 101. The prior application was denied on initial review, reconsideration, and in a written decision dated September 20, 2011, by ALJ Stephanie Martz. AR 101, 116. The Appeals Council declined review of the case, and Plaintiff did not appeal ALJ Martz' decision under 42 U.S.C. § 405(g), thus making ALJ Martz' decision a final decision of the Commissioner of Social Security. AR 123, 20 C.F.R. § 404.981, § 416.1481.

On March 7, 2013, Plaintiff filed a new application for SSI. *See* AR 232-240. Plaintiff alleges she became disabled on July 7, 2000, due to fibromyalgia, bipolar disorder, ADHD, a head injury, and severe lower back pain. *See* AR 78-79, 232, 270.  Plaintiff's application was denied upon initial administrative review and on reconsideration. *See* AR 129, 141. A hearing was held before ALJ Laura Valente on August 13, 2014, at which Plaintiff, represented by counsel, appeared and testified. *See* AR 69.

On October 17, 2014, the ALJ found Plaintiff was not disabled within the meaning of Section 1614(a)(3)(A) of the Social Security Act. AR 24. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on March 23, 2016, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481. On May 20, 2016, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision.

Plaintiff argues the denial of benefits should be reversed and remanded for further proceedings, because the ALJ 1) failed to adequately develop the record concerning Plaintiff's fibromyalgia at Step Two of the sequential evaluation; 2) failed to properly consider the effects of Plaintiff's obesity at Step Two of the sequential evaluation; 3) improperly discounted the

opinion of one of Plaintiff's treating nurse practitioners; 4) improperly discounted Plaintiff's

subjective symptom testimony; 5) failed to properly determine whether Plaintiff was capable of

performing other work existing in significant numbers at Step Five of the sequential evaluation.

Dkt. 9, pp. 1-2.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

security benefits only if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is

more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable

mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747,

750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

**DISCUSSION**

I.    Whether the ALJ Erred by Failing to Consider Plaintiff's Fibromyalgia to be a Severe
      Impairment at Step Two of the Sequential Evaluation.

   **A.  Standard**

At Step Two of the sequential evaluation, the ALJ must determine if a claimant has a

"severe medically determinable physical or mental impairment." 20 C.F.R. §§ 404.1520(a)(4)(ii),

416.920(a)(4)(ii) (2015) . *See also Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996)

(internal citation omitted). Impairments must result "from anatomical, physiological, or

psychological abnormalities which can be shown by medically acceptable clinical and laboratory

diagnostic techniques." 20 C.F.R. § 416.908 (2010). A medically determinable impairment is

considered "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic

work activities . . . ." 20 C.F.R. §§ 404.1520(a)(4)(iii) & (c), 416.920(a)(4)(iii) & (c); *see also*

SSR 96-3p, 1996 WL 374181 *1. Basic work activities are those "abilities and aptitudes necessary to do most jobs," including, for example, "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85- 28, 1985 WL 56856 *3.

The Step Two inquiry, however, is merely a threshold determination as to whether a claimant has raised a "prima facie case of a disability." *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007). *See also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (noting the Step Two determination is a *de minimis* screening device used to dispose of groundless claims). "Ample authority cautions against a determination of nondisability at step two." *Ortiz v. Commissioner of Social Sec.*, 425 Fed.Appx. 653, 655 (9th Cir. 2011) (*citing Bowen v. Yuckert*, 482 U.S. 137, 153 (1987); *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005), *Smolen*, 80 F.3d at 1290. An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen*, 80 F.3d at 1290.

**B. Application of Standard**

The ALJ found Plaintiff had the severe medically determinable impairments of degenerative disc disease with cervical radiculopathy and status-post surgery, obesity,[1]

---

[1] Plaintiff also argues the ALJ erred by failing to properly consider the effects of Plaintiff's obesity at Step Two of the sequential evaluation. However, this argument lacks merit. The ALJ identified obesity as a severe impairment, and explicitly discussed many of the obesity-related findings Plaintiff argues the ALJ ignored. *See, e.g.*, AR 16-17 (noting Plaintiff's height, weight, and body mass index in the written decision). As such, the Court finds no error in the ALJ's analysis of Plaintiff's obesity.

1   myoneural disorder, organic brain disorder, affective disorder and substance use/addiction

2   disorder. AR 16. The ALJ also discussed Plaintiff's diagnosis of fibromyalgia, however, the ALJ

3   found it did not qualify as a medically determinable impairment because "[a] letter stating

4   [Plaintiff] had fibromyalgia as diagnosed by another provider, Dr. Kinsella, is not sufficient. [AR

5   418, 456]. The record does not contain Dr. Kinsella's evaluation report." AR 17.

6          As a threshold matter, Dr. Kinsella's purported diagnosis of fibromyalgia is insufficient

7   under Social Security regulations and rulings to determine whether Plaintiff's fibromyalgia

8   qualifies as a medically determinable impairment. Under Social Security Ruling ("SSR") 12-2p,

9   a claimant may only establish he or she has the medically determinable impairment of

10  fibromyalgia by providing evidence from a licensed physician. SSR 12-2p, *available at* 2012

11  WL 3104869, at *2. A diagnosis of fibromyalgia on its own is not sufficient; the "evidence must

12  document that the physician reviewed the person's medical history and conducted a physical

13  exam." *Id.* Further, the physician must provide evidence which satisfies one of two alternate

14  diagnostic criteria: the 1990 American College of Rheumatology Criteria for the Classification of

15  Fibromyalgia ("1990 Criteria"), or the 2010 American College of Rheumatology Preliminary

16  Diagnostic Criteria ("2010 Criteria").[2] Finally, the physician's diagnosis must not be

17  "inconsistent with the other evidence in the person's case record." *Id.*

18

19
       ───────────────────

20        [2]Under the 1990 Criteria, the evidence must show: 1) "a history of widespread pain . . .
     that has persisted . . . for at least 3 months;" 2) at least 11 positive tender points, found both
     bilaterally and above and below the waist; and 3) evidence that other disorders which could
21   cause the symptoms were excluded. SSR 12-2P, *available at* 2012 WL 3104869, at *3.

22        Under the 2010 Criteria, the evidence must show: 1) a history of widespread pain; 2)
     repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring
     conditions, "especially manifestations of fatigue, cognitive or memory problems ('fibro fog'),
23   waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome;" and 3) evidence
     that other disorders which could cause the symptoms were excluded. SSR 12-2P, *available at*
24   2012 WL 3104869, at *3.

1    Here, however, neither Dr. Kinsella's evaluation notes, Dr. Kinsella's treatment notes,

2   nor Dr. Kinsella's report are in the record. The only items in the record which support a

3   diagnosis of fibromyalgia are: 1) a one-sentence note from a different medical provider at

4   Interfaith Community Health, Laura L Rishel, ARNP, stating Dr. Kinsella diagnosed Plaintiff

5   fibromyalgia; and 2) several treatment visits at Interfaith Community Health where Plaintiff

6   received fibromyalgia treatment. *See* AR 418, 445-46, 452. But, there is no indication Dr.

7   Kinsella reviewed Plaintiff's medical history, conducted a physical examination, and

8   documented evidence necessary to satisfy either the 1990 or 2010 criteria as required by SSR 12-

9   2p. Thus, the record fails to demonstrate Plaintiff has the medically determinable impairment of

10  fibromyalgia. *See also* 20 C.F.R. § 416.913; *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir.

11  2005) (holding medical reports which lacked "medically acceptable clinical diagnostic

12  techniques" or other objective findings were insufficient to satisfy the requirements to establish

13  the existence of medically determinable impairments) (citing SSR 96-6p, *available at* 1996 WL

14  374180, at *1).

15    Plaintiff does not argue the administrative record, as it stands, demonstrates Plaintiff's

16  fibromyalgia is a medically determinable impairment. Instead, Plaintiff argues the ALJ erred by

17  failing to further develop the record before finding Plaintiff's fibromyalgia did not constitute a

18  medically determinable impairment. Specifically, Plaintiff argues the references to Dr. Kinsella's

19  fibromyalgia diagnosis in the Interfaith Community Health records triggered the ALJ's

20  independent duty to fully and fairly develop the administrative record. Dkt. 11, pp. 3-7. The

21  Court agrees.

22    Defendant argues Plaintiff has the burden of proving disability and presenting evidence in

23  support of her claim. However, the ALJ also "has an *independent* duty to fully and fairly develop

24

1  the record." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (internal citations and

2  quotations omitted) (emphasis added). This duty exists even when the claimant is represented by

3  counsel. *Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983). "An ALJ's duty to develop the

4  record further is triggered only when there is ambiguous evidence or when the record is

5  inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453,

6  460 (9th Cir. 2001). For example, this Court has previously found that, where a treating

7  rheumatologist's notes were indecipherable and illegible, the ALJ had a duty to re-contact the

8  physician to determine whether Plaintiff's fibromyalgia constituted a medically determinable

9  impairment pursuant to SSR 12-2p. *See Williams v. Colvin*, 2015 WL 7018724, at **3-4 (W.D.

10  Wash. Nov. 10, 2015). Also, where an ALJ relies on a medical expert who indicates the record is

11  insufficient to render a diagnosis, the ALJ must develop the record further. *See Tonapetyan v.*

12  *Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). But, where the record, taken as a whole, is adequate

13  to evaluate a claimant's alleged impairment, the ALJ's duty to develop the record is not

14  implicated. *See, e.g.*, *Baghoomian v. Astrue*, 319 Fed.Appx. 563, 566 (9th Cir. 2009); *H'Oar v.*

15  *Barnhart*, 51 Fed.Appx. 731, 732 (9th Cir. 2002)

16          As discussed above, Ms. Rishel's letter discussing Dr. Kinsella's fibromyalgia diagnosis

17  is insufficient to establish fibromyalgia was a medically determinable impairment. However, this

18  is not a situation where Dr. Kinsella's diagnosis was unsupported by the record. Plaintiff alleged

19  fibromyalgia as one of her impairments during the hearing, and Plaintiff's treatment notes from

20  Interfaith Community Health indicate Plaintiff has been receiving ongoing fibromyalgia

21  treatment, and suggest Plaintiff has had ongoing symptoms consistent with the 1990 Criteria and

22  2010 Criteria. *See* AR 16-17, 402-18, 440-502. Further, unlike a situation where a physician

23  affirmatively finds a claimant did *not* satisfy the 1990 or 2010 criteria for a fibromyalgia

24

diagnosis, the underlying reasoning for Dr. Kinsella's fibromyalgia diagnosis is simply absent from the record. In fact, even the ALJ acknowledged the record was insufficient to determine whether Plaintiff's fibromyalgia diagnosis constituted a medically determinable impairment. AR 16 ("The claimant alleged fibromyalgia at the hearing, although the record contains insufficient evidence to substantiate its existence pursuant to SSR 12-2p . . . ."). Thus, the evidence in the record was insufficient to establish whether Plaintiff had a medically determinable impairment of fibromyalgia, triggering the ALJ's duty to develop the record further. 20 C.F.R. §§ 404.1520b(c), 416.920b(c); SSR 12-2P, *available at* 2012 WL 3104869, at *4. *See Tonapetyan*, 242 F.3d at 1150. *See also Selian v. Astrue*, 708 F.3d 409, 419-20 (2d Cir. 2013) (noting the claimant's treating physician opined Plaintiff had fibromyalgia, and, to the extent the record is unclear, on remand directing the Commissioner to "fill any clear gaps in the administrative record before rejecting a treating physician's diagnosis.") (internal citations and quotations omitted); *Stone v. Astrue*, 804 F.Supp.2d 975 (D.Ariz. 2011) ("As for the ALJ's concern that minimal medical findings supported the fibromyalgia diagnosis . . . the ALJ should have attempted to develop the record further by contacting the treating physician to determine whether required information is available"); *Dillon v. Astrue*, 2010 WL 2850910, at *6 (C.D. Cal. July 19, 2010) ("in noting that plaintiff had 'multiple' trigger points, [plaintiff's physicians] may have in fact found more than eleven trigger points. It was the ALJ's duty to further develop the record if she felt that a specific finding of the number of trigger points was necessary.").

The ALJ's failure to develop the record in order to resolve the insufficiency regarding fibromyalgia was error.

### C.  Harmless Error

An error is harmless if "there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." *Molina v. Astrue*,

1   674 F.3d 1104, 1115 (9th Cir. 2012) (*quoting Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d

2   1190, 1197 (9th Cir. 2004)). Thus, if a claimant prevails at Step Two and the ALJ considers all

3   impairments—regardless of severity—in the subsequent steps, an ALJ's failure to consider an

4   impairment "severe" is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). *See*

5   *also Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007), *Garcia v. Commissioner of Soc. Sec.*, 587

6   Fed.Appx. 367, 370 (9th Cir. 2014). Plaintiff prevailed at Step Two. AR 16. Therefore, the

7   critical question is whether the ALJ actually considered Plaintiff's fibromyalgia and associated

8   limitations in the remaining steps of the sequential evaluation.

9          Here, as the ALJ found Plaintiff did not have fibromyalgia whatsoever, the ALJ

10   necessarily did not consider the effects of fibromyalgia at the subsequent steps of the sequential

11   evaluation, rendering the ALJ's RFC finding suspect. *See Hill v. Astrue*, 698 F.3d 1153, 1161

12   (9th Cir. 2012); *Stansbury v. Astrue*, 2012 WL 368029, at *4 (W.D. Wash. 2012). This is entirely

13   unlike the situation presented in other Step Two harmless error cases, where even though a

14   medically determinable impairment was not considered severe, the ALJ still discussed the

15   limitations arising from that impairment with specificity at all stages of the five step sequential

16   evaluation. *See Lewis*, 498 F.3d at 911 (noting the ALJ specifically discussed Plaintiff's bursitis

17   and its effects when identifying the basis for limitations in Plaintiff's RFC).

18          Defendant argues the ALJ did, in fact, consider all of the possible limitations arising out

19   of Plaintiff's fibromyalgia, because the ALJ limited Plaintiff to "light work" in her residual

20   functional capacity finding. Dkt. 13, p. 10; AR 18. However, exclusion of a severe impairment

21   may result in a "residual functional capacity determination [that is] incomplete, flawed, and not

22   supported by substantial evidence in the record." *Hill*, 698 F.3d at 1161. In any event, the ALJ

23   discounted the degree of Plaintiff's reported pain, in part, as unsupported by the objective

24

1   medical evidence. AR 20 (noting Plaintiff had negative rheumatology tests and imaging in 2012,

2   two years prior to Dr. Kinsella's diagnosis). This is not sufficient consideration at the remaining

3   steps of the sequential evaluation to render the ALJ's error at Step Two harmless. *See Lewis*, 498

4   F.3d at 911. *C.f.*, *Mahoney-Garcia v. Colvin*, 2015 WL 1965382, at *6 (W.D. Wash. 2015)

5   (finding the ALJ's failure to consider a claimant's fibromyalgia a medically determinable

6   impairment was harmful error, as the error impacted the ALJ's finding Plaintiff's subjective pain

7   complaints were less than fully credible).

8        The ALJ's error in failing to find Plaintiff's fibromyalgia to be a medically determinable

9   impairment was not harmless. This case must be remanded in order to determine whether

10  Plaintiff's fibromyalgia is a medically determinable impairment, and, if so, to incorporate any

11  credible limitations arising out of Plaintiff's fibromyalgia, regardless of severity, into the residual

12  functional capacity.

13  II.    Other Assignments of Error.

14       Plaintiff argues the ALJ erred by failing to give germane reasons to discount the opinions

15  of one treating ARNP, and in failing to offer specific, clear, and convincing reasons for

16  discounting Plaintiff's subjective symptom testimony. However, the ALJ's error at Step Two

17  requires remand to the administration for proper consideration of Plaintiff's medically

18  determinable impairments and to reconsider each of the remaining steps in the five step

19  sequential evaluation, incorporating any additional impairments and work limitations possibly

20  caused by Plaintiff's fibromyalgia. As the ALJ's error at Step Two impacts all aspects of the

21  ALJ's decision, the ALJ is instructed to reweigh the medical opinion evidence of record, and

22  reevaluate Plaintiff's subjective symptom testimony.

23

24

**CONCLUSION**

Based on the foregoing reasons, the Court finds the ALJ erred by failing to consider Plaintiff's fibromyalgia to be a medically determinable impairment at Step Two. Therefore, the Court orders this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reevaluate Step Two to determine whether Plaintiff's medically determinable impairment of fibromyalgia constitutes a severe impairment, re-evaluate the medical opinion evidence and other medical source evidence, re-evaluate Plaintiff's residual functional capacity, and proceed on to Step Four and/or Step Five of the sequential evaluation as appropriate. The ALJ should also develop the record as needed. Judgment should be for Plaintiff and the case should be closed.

Dated this 15th day of November, 2016.

David W. Christel
United States Magistrate Judge